**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

DASHON PIERCE,

*Plaintiff,*

v.

ROSELLE POLICE DEPARTMENT, et al.,

*Defendants.*

Civil Action No. 26-8004

**OPINION AND ORDER**

August 13, 2026

**SEMPER**, District Judge.

**THIS MATTER** is before this Court upon *pro se* Plaintiff Dashon Pierce's ("Plaintiff") filing of a complaint against the Roselle Police Department, Allied Security, and Officers Jacquan Spruill, Arron Silva, and Waya Coulibaly, (ECF 1, "Complaint" or "Compl."), and an application to proceed *in forma pauperis*, (ECF 1-1, "IFP Application"), and this Court having *sua sponte* reviewed the Complaint for sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 8(a); and

**WHEREAS** a district court may allow a plaintiff to commence a civil action without paying the filing fee—that is, *in forma pauperis*—so long as the plaintiff submits an affidavit demonstrating he or she is "unable to pay such fees," but must dismiss a case that is frivolous, "fails to state a claim upon which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(a)(1), e(2)(B); *see Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024); and

**WHEREAS** Plaintiff's certified inmate account statement reflects a current balance of $0.17. (IFP Application at 6.) Having reviewed Plaintiff's application, the Court finds leave to proceed *in forma pauperis* is warranted, and the application is **GRANTED**; and

**WHEREAS** the legal standard for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) is the same as that applied under Federal Rule of Civil Procedure 12(b)(6). *See Shorter*, 12 F.4th at 371. *Pro se* complaints are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotation marks omitted); *see also* Fed. R. Civ. P. 8(e). However, a *pro se* complaint must still comply with Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), that "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration and citation omitted). Factual allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The factual allegations in a complaint are generally accepted as true, but legal conclusions are not. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; and

**WHEREAS** the facts alleged in Plaintiff's *pro se* Complaint are insufficient to state a claim upon which relief may be granted. In the Complaint, Plaintiff states the facts of his claims are attached in exhibits, (*see* Compl. at 6, 9) but no such exhibits were included in his submission. As such, the Complaint contains no factual allegations, and Federal Rule of Civil Procedure 8 is not satisfied; and

**WHEREAS** while Plaintiff purports to bring this Complaint under 42 U.S.C. § 1983, "§ 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred'." *Graham v. Connor*, 490 U.S. 386, 394 (1989) (citing *Baker v. MCollan*, 443 U.S. 137, 144 n.3 (1979)). Plaintiff merely makes a broad claim that his constitutional and civil rights were violated. (Compl. at 6.) Plaintiff fails to list what federal constitutional or statutory rights have been violated, (*see generally id.*) and therefore has not given "the defendant fair notice of what the claim is and the grounds upon which it rests." *See Twombly*, 550 U.S. at 555; and

**WHEREAS** under § 1983, a Plaintiff must allege a person acting under color of state law committed or caused to be committed a violation of a right secured by the Constitution or federal law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011). While a plaintiff may bring suit against individual officers or the municipal government**,** a police department is not a "person" capable of being sued under § 1983. *See Moore v. Hamilton Twp. Police Dep't.*, No. 19-21430, 2020 U.S. Dist. LEXIS 106710, at *7-8 (D.N.J. 2020) ("[I]t is well-settled that a police department is not a "person" amenable to suit under § 1983[.]").

Accordingly, **IT IS** on this **13th day of August 2026**,

1. **ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF 1-1) is hereby **GRANTED**; and it is further
2. **ORDERED** that Plaintiff's Complaint (ECF 1) is **DISMISSED** without prejudice; and it is further
3. **ORDERED** that Plaintiff shall have thirty (30) days to file an amended complaint that corrects the deficiencies identified above; and it is finally

4. **ORDERED** that the Clerk of the Court is directed to mail a copy of this Opinion and Order to Plaintiff by certified mail return receipt and mark this case **CLOSED**, subject to reopening upon the submission of an amended complaint.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**